a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REGINALD NEWMAN #111774,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00848<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| DEPT OF CORRECTION,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 11) filed by pro se Plaintiff Reginald Newman ("Newman"). Newman is incarcerated at the Avoyelles Parish Jail in Marksville, Louisiana. He seeks monetary relief and a release from custody because he was attacked by other inmates.

To determine if Newman is entitled to any relief, he must AMEND the Complaint.

I. Background

Newman alleges that he was approached by two inmates while watching television. ECF No. 1 at 3. The inmates asked if Newman stole a drink, which Newman denied. *Id.* The two inmates began to hit Newman, and other inmates joined the assault. *Id.* Newman suffered a broken tooth and fractured nose. *Id.* at 4.

## II. Law and Analysis

The Louisiana Department of Corrections ("DOC") is the only named Defendant. However, Newman's claim against the DOC is barred by the Eleventh Amendment. *See Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010) (noting that former inmate's claims against state entities—the DOC and Phelps Correctional Center—and state employees in their official capacities were barred by the Eleventh Amendment).

Newman must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Newman seeks damages because he was attacked by another inmate. However, he does not allege which, if any, state actor is responsible for the attack. Thus, Newman must amend and state:

(1) the name(s) of each person who allegedly violated his constitutional rights;

(2) a description of what each Defendant did to violate his rights; and

(3) the date that the alleged attack occurred.

Additionally, to state a constitutional claim for failure to protect, a plaintiff must allege that prison officials were deliberately indifferent to his need for protection. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994). A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and

2

(2) he "draw[s] the inference." *Id.* In other words, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

Newman must also state whether the officers knew that he was at risk of assault by the inmates that attacked him. If so, Newman must explain how the officers knew of the risk.

### III. Conclusion

Because Newman must provide additional information to support his claims, IT IS ORDERED that he AMEND his Complaint (ECF No. 1) to provide the information requested within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Tuesday, October 8, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE